**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SYLVIA KOMORSKI, Individually and on behalf of similarly situated individuals,** | ) ) ) | |
| | ) | **Case No. 1:19-cv-00157** |
| **Plaintiff,** | ) | |
| **v.** | ) ) | |
| **OHM CONCESSION GROUP, LLC; OHM CHICAGO, LLC; GLOBAL PAYMENTS, INC.; AND CROSS MATCH TECHNOLOGIES, INC.,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**NOTICE OF REMOVAL OF CROSS MATCH TECHNOLOGIES, INC.**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Cross Match

Technologies, Inc. ("Crossmatch"), by its counsel, hereby gives notice of removal of this action

from the Circuit Court of Cook County, Illinois to the United States District Court for the

Northern District of Illinois.

## I.  FACTUAL BACKGROUND

1.     On December 10, 2018, Plaintiff Sylvia Komorski ("Plaintiff") filed a Third

Amended Class Action Complaint in the Circuit Court of Cook County, Illinois styled Komorski

v. OHM Concession Group, LLC, et al., Case No. 2017-CH-12838 ("Complaint").  The

Complaint named Crossmatch as a defendant for the first time in a putative class action that was

filed on September 27, 2017.  See Komorski v. OHM Concession Group, LLC, et al., Case No.

2017-CH-12838, Agreed Order Granting Plaintiff Leave to File Her Third Amended Class

Action Complaint, Instanter (Dec. 10, 2018).  A copy of all process, pleadings, and orders served

upon Crossmatch with respect to this action, including the December 10, 2018 Agreed Order and

the Complaint, are attached hereto as Group Exhibit 1.

2.     The Complaint was served on Crossmatch's counsel, who agreed to accept service, on December 10, 2018.  See Dec. 10, 2018 Corresp. fr. J. Sheikali to K. Lally, Ex. 2 hereto.

3.     Plaintiff's Complaint alleges that Crossmatch and co-defendants OHM Concessions Group, LLC, OHM Chicago, LLC (collectively, "OHM") and Global Payments, Inc. d/b/a Heartland Payment Systems ("Heartland") (collectively, OHM, Heartland and Crossmatch are referred to herein as "Defendants") have violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA") by purportedly "capturing, storing, using, and disseminating her biometrics" allegedly in direct violation of the BIPA, among other things.  See Compl., Ex. 1 hereto, at ¶ 12; see also, e.g., id. at ¶¶ 13, 14, 25, 52.[1]

4.     Plaintiff's claims against OHM rest upon the same factual allegations; namely, that OHM required its employees to scan their fingerprints in order to "clock" in and out of work, all in a manner that violated BIPA each time she and other employees were required to do so.  See Compl., Ex. 1 hereto, at ¶¶ 26, 52.  Plaintiff further alleges that OHM "uses, and relies on, biometric technology and associated services" provided by Crossmatch to "monitor and track its employees', including Plaintiff's, time."  Id. at ¶ 25.

5.     Based on these and other allegations, Plaintiff asserts claims for violation of the BIPA, fraudulent inducement by omission, breach of express contract, breach of express contract implied-in-fact, negligence and intrusion upon seclusion and seeks declaratory and injunctive relief as well as statutory damages and attorneys' fees and costs.  See Compl., Ex. 1 hereto, at ¶¶ 47-107 & pp. 21-22.  Plaintiff seeks to bring her claims against Crossmatch on behalf of a proposed class of "[a]ll individuals whose biometrics were captured, obtained, stored or used by

---

[1]  Pursuant to 28 U.S.C. § 1453(b), all Defendants need not join this Notice of Removal.

Cross Match within the state of Illinois any time within the applicable limitations period." Id. at ¶ 39.

## II.    GROUNDS FOR REMOVAL

6.    Plaintiff's claims are removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction. See 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. See 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).[2] As shown below, each of these requirements is met. See disc. infra at 3-6.

### A.    Minimal Diversity

7.    Minimal diversity is established under CAFA, because Plaintiff and one or more members of the proposed class are citizens of different states from Crossmatch. See 28 U.S.C. § 1332(d)(2)(A).

8.    Plaintiff is a resident and citizen of the State of Illinois and seeks to represent a class of individuals from Illinois and other states whose data was allegedly "captured, obtained, stored or used by Cross Match within the state of Illinois." Compl., Ex. 1 hereto, at ¶¶ 20, 39.

9.    Crossmatch is incorporated under the laws of the State of Delaware and has its principal place of business in Palm Beach Gardens, Florida. See Compl., Ex. 1 hereto, at ¶ 19; Florida Secretary of State Record, Ex. 3 hereto. A corporation such as Crossmatch "[s]hall be deemed to be a citizen of any [s]tate by which it has been incorporated and . . . where it has its

---

[2]  A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23, or "similar State statute or rule of judicial procedure," such as 735 ILCS 5/2-801. See 28 U.S.C. § 1332(d)(1)(B); Compl., Ex. 1 hereto, at ¶ 39.

principal place of business . . . ." 28 U.S.C. §1332(c)(1). Accordingly, Crossmatch is a citizen

of the States of Delaware and Florida for purposes of diversity jurisdiction and is not a citizen of

the State of Illinois. See id.

10.     Minimal diversity therefore exists under 28 U.S.C. §1332(d)(2)(A). See, e.g.,

Marconi v. Indiana Municipal Power Agency, 2015 WL 4778528, at *5 (N.D. Ill. 2015) (finding

minimal diversity pursuant to CAFA where one plaintiff was a citizen of Illinois and four of the

five defendants were alleged to be citizens of states other than Illinois).

**B.     Number Of Class Members**

11.     Plaintiff purports to bring this action on behalf of "[a]ll individuals whose

biometrics were captured, obtained, stored or used by Cross Match within the state of Illinois any

time within the applicable limitations period." Compl., Ex. 1 hereto, at ¶ 39. Plaintiff herself

alleges that "there are thousands of members of the Class." Id. at ¶ 41.

12.     Based on these allegations, the Court can properly infer that the proposed class

consists of more than 100 members, satisfying the requirement in CAFA that the proposed class

consist of more than 100 members. See 28 U.S.C. § 1332(d)(5)(B).

**C.     Amount In Controversy**

13.     The amount in controversy exceeds $5 million. See 28 U.S.C. § 1332(d)(2). For

purposes of determining the amount in controversy, CAFA requires that "the claims of the

individual class members shall be aggregated[.]" 28 U.S.C. §1332(d)(6). Although Plaintiff has

not alleged the amount of damages, CAFA's amount in controversy threshold is met here based

on Plaintiff's allegations and undisputed facts. See disc. infra at 4-6.

14.     As noted above, Plaintiff alleges that "there are thousands of members of the

Class." Compl., Ex. 1 hereto, at ¶ 41. As to each of those "thousands of members," Plaintiff

alleges multiple violations of the BIPA by Crossmatch. See id. at ¶ 52. Specifically, Plaintiff

4

alleges that she was "required to scan her fingerprints and/or other biometrics using Heartland and Cross Match's biometric technology systems each time she needed to 'clock-in' and 'clock-out'" and that each time she was required to do so violated the BIPA. See id. at ¶¶ 26, 52. Plaintiff also claims that Crossmatch violated the BIPA by failing to provide a data retention policy and by failing to obtain consent from Plaintiff and the members of the proposed class for dissemination of biometrics. See id. at ¶¶ 31-32.

15.     The BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." See 740 ILCS 14/20. Consequently, the proposed class would only need to consist of approximately 5,000 individuals, each claiming one negligent violation of the BIPA, for the case to exceed the statutory amount in controversy. See 28 U.S.C. § 1332(d)(2), (6); 740 ILCS 14/20. That number shrinks to 1,000 individuals if each individual claims one reckless violation of the BIPA. See id. Given that Plaintiff alleges: (a) Crossmatch purportedly violated the BIPA multiple times a day every day that Plaintiff worked; (b) each of those violations was reckless and subject to a $5,000 statutory fine; and (c) there are "thousands" of individuals in the proposed class, the amount in controversy in this case will easily exceed the threshold requirement. See, e.g., Appert v. Morgan Stanley, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); Bloomberg v. Service Corp. Int'l., 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."). Spivey v. Vertrue, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under

5

CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").[3]

### III.   COMPLIANCE WITH REMOVAL STATUTE

16.     The Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of Cook County, Illinois is located in this federal judicial district.  See 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

17.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  See 28 U.S.C. § 1446(a).

18.     The Complaint was served on Crossmatch's counsel, who agreed to accept service, on or about December 10, 2018.  See Dec. 10, 2018 Corresp. fr. J. Sheikali to K. Lally, Ex. 2 hereto.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.

19.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Crossmatch with respect to this action, which papers include the Complaint, are attached hereto as Group Exhibit 1.

20.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and Defendants, and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois today.

---

[3] Plaintiff also alleges that she has suffered "pecuniary damages in the form of lost wages, diminution in the unique identifying value of her biometrics, and other costs associated with identity protection" as well as "mental anguish and injury," indicating that she intends to seek damages beyond the statutory damages, further demonstrating that the amount in controversy is readily met.  See Compl., Ex. 1 hereto, at ¶¶ 34, 37; see also Appert, 673 F.3d at 617-18.

## IV.    CONCLUSION

21.    Crossmatch respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois.  Crossmatch further requests whatever other relief the Court deems appropriate.

Dated:  January 8, 2019                     Respectfully submitted,


                                            */s/ Kathleen P. Lally*
                                            One of the Attorneys for Defendant
                                            Cross Match Technologies, Inc.


Mark S. Mester, Bar No. 6196140
Kathleen P. Lally, Bar No. 6284954
Peter A. Shaeffer, Bar No. 6313953
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

## CERTIFICATE OF SERVICE

I, Kathleen P. Lally, hereby certify that I caused a copy of the foregoing NOTICE OF

REMOVAL OF CROSS MATCH TECHNOLOGIES, INC. to be served on the parties listed

below, by email on January 8, 2019, and by U.S. mail on January 9, 2019.

Myles McGuire
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
jsheikali@mcgpc.com

Counsel for Plaintiff and the Putative Class

Michael K. Grimaldi
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 W. 5th Street, Suite 400
Los Angeles, CA 90071
Tel: (213)-599-7761
Fax: (213) 250-7900
Michael.Grimaldi@lewisbrisbois.com

Counsel for Defendants OHM Concession Group,
LLC and OHM Chicago, LLC

Ethan E. White
3 Grant Square, Suite 268
Hinsdale, IL 60521
Tel: (630) 984-0339
ewhite@emerlawltd.com

Counsel for Defendant Global Payments,
Inc.

/s/ Kathleen P. Lally
One of the Attorneys for Defendant
Cross Match Technologies, Inc.